**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**TELLY T. WILLIAMS**                                    **CIVIL ACTION**

**VERSUS**                                               **NO.  13-2998**

**JACK STRAIN**                                          **SECTION "H"(4)**

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

**I.      Factual and Procedural Background**

The  petitioner, Telly T. Williams ("Williams") is a convicted inmate currently incarcerated in the St. Tammany Parish Jail in Covington, Louisiana.[2]  On January 12, 2011, Williams was charged by Bill of Information in St. Tammany Parish with one count of possession of stolen things valued over $500 and one count of simple escape.[3]  Williams initially entered a plea of not guilty to both charges.[4]

---

[1]Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 1.

[3]St. Rec. Vol. 1 of 4, Bill of Information, 1/12/11.

[4]St. Rec. Vol. 1 of 4, Minute Entry, 1/24/11.

The record reflects that, while Williams was incarcerated in 2010, he participated in the "8 to 4 Program," a work release program for individuals sentenced to parish jail time.[5]  On October 5, 2010, Corporal Alicia Craige of the St. Tammany Parish Sheriff's Office, informed Williams that he had failed a drug test and that he had to report to her office the following day at 7:00 a.m.  The next morning, Williams failed to report as ordered.  At about 11:00 a.m., two St. Tammany Parish Sheriff's Office deputies found Williams near his home in Slidell riding a stolen off-road motorcycle on Javery Road.

When stopped, Williams admitted to the deputies he was supposed to be at the Program, which was confirmed for the deputies by telephone call to Corporal Craige.  Williams also denied knowing that the motorcycle was stolen.  He stated that a white male in a white truck dropped it off the night before so that he could work on the carburetor.  The motorcycle, however, had been "hot-wired" to start it, because the key ignition had been compromised.

Williams was tried before a jury on April 18, 2011, and was found guilty as charged on both counts.[6]  On May 24, 2011, the Trial Court denied Williams's motions for post-verdict judgment of acquittal and for a new trial.[7]  After waiver of legal delays, the Court sentenced Williams to serve one (1) year in prison at hard labor.  Williams then admitted the allegations in the multiple bill previously

---

[5]The facts were taken from the unpublished opinion of the Louisiana First Circuit Court of Appeal on direct appeal.  *State v. Williams*, No. 2011-KA-1435, 2012 WL 997080, at *1 (La. App. 1st Cir. 2012); St. Rec. Vol. 3 of 4, 1st Cir. Opinion, 2012-KA-1435, pp. 2-3, 3/23/12.

[6]St. Rec. Vol. 1 of 4, Trial Minutes, 4/18/11; Jury Verdict (Count 1), 4/18/11; Jury Verdict (Count 2), 4/18/11; Trial Transcript, 4/18/11; St. Rec. Vol. 2 of 4, Trial Transcript (continued), 4/18/11.  Williams rejected a plea agreement offered to him on March 2, 2011, which would have given him a four year prison sentence for possession of stolen goods count and a consecutive six month prison term for the simple escape.  St. Rec. Vol. 1 of 4, Plea Transcript, 3/2/11.

[7]St. Rec. Vol. 1 of 4, Sentencing Minutes, 5/24/11; Motion for New Trial, 5/4/11; Trial Court Order, 5/24/11; Motion for Post-Verdict Judgment of Acquittal, 5/4/11; Trial Court Order (2), 5/24/11.

filed by the State as to the possession of stolen goods count.[8]  The Court adjudicated him to be a third felony offender and sentenced him to serve six (6) years at hard labor without benefit of parole, probation, or suspension of sentence.[9]  The Court directed that the sentences run consecutive to each other.  The Court also denied Williams's motion to reconsider the sentence.[10]

On direct appeal, Williams appointed counsel argued that the evidence was insufficient to support the simple escape conviction and that the Trial Court erred in denying the post-trial motions for post-verdict judgment of acquittal and for a new trial on that count.[11]  Williams filed a *pro se* supplemental brief in which he argued that his sentence was illegal, because he had only one prior felony conviction and that he was not properly questioned by the court in accordance to *Boykin* prior to his plea at the multiple bill hearing.[12]  The Louisiana First Circuit affirmed Williams's convictions and sentences on March 23, 2012, finding no merit in the claims raised.[13]

Williams's convictions and sentences became final thirty (30) days later, on Monday, April 23, 2012,[14] because he did not file for rehearing or seek review in the Louisiana Supreme Court. *Butler v. Cain*, 533 F.3d 314 (5th Cir. 2008) (appeal is final when the state defendant does not timely

---

[8]St. Rec. Vol. 1 of 4, Sentencing Minutes, 5/24/11; Multiple Bill, 4/26/11; St. Rec. Vol. 2 of 4, Multiple Bill Hearing Transcript, 4/26/11; Sentencing Transcript, 5/24/11.

[9]St. Rec. Vol. 1 of 4, Sentencing Minutes, 5/24/11; Reasons for Judgment, 6/24/11; St. Rec. Vol. 2 of 4, Sentencing Transcript, 5/24/11.

[10]St. Rec. Vol. 1 of 4, Motion to Reconsider Sentence, 5/24/11; Trial Court Order (3), 5/24/11.

[11]St. Rec. Vol. 3 of 4, Appeal Brief, 2011-KA-1435, 9/14/11.

[12]*State v. Williams*, No. 2011-KA-1435, 2012 WL 997080, at *4; St. Rec. Vol. 3 of 4, 1st Cir. Opinion, 2012-KA-1435, p. 7, 3/23/12.

[13]*State v. Williams*, 2012 WL 997080, at *1; St. Rec. Vol. 3 of 4, 1st Cir. Opinion, 2012-KA-1435, 3/23/12.

[14]Day thirty (30) was Sunday, April 22, 2012.  The deadline then fell to Monday, April 23, 2012.  *See* La. Code Crim. P. art. 13 (weekends and holidays not included in calculation when it would be the last day of the period).

proceed to the next available step in an appeal process) (citing *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003)).

## II.    State Post-Conviction Proceedings

On January 5, 2012, while the direct appeal was pending, Williams submitted to the Trial Court a motion seeking to correct his sentence claiming that he had only one prior conviction and that he was not informed of the consequences of his plea to the multiple bill.[15]  The Trial Court denied the motion without reasons on January 10, 2012.[16]

On April 17, 2012, less than one month after the Louisiana First Circuit addressed his appeal, Williams submitted an application for post-conviction relief to the Trial Court asserting the following grounds for relief:[17] (1) the record does not demonstrate that he gave a valid waiver of his constitutional rights at the multiple bill hearing; (2) his counsel was ineffective when he failed to advise him that he had a right to confrontation and compulsory process at the multiple bill hearing; (3) his counsel was ineffective when he knew that the Mississippi predicate conviction was invalid and unconstitutional and failed to challenge it; and (4) his appellate counsel was ineffective for failing to raise the foregoing issues on direct appeal.

While that application was pending, on May 10, 2012, Williams also submitted to the Trial Court a "Petition for Review" in which he asked the Court to review the denial of his administrative grievance complaints to the prison and the Louisiana Department of Corrections challenging the

---

[15]St. Rec. Vol. 3 of 4, Motion to Correct Illegal Sentence, 1/9/12 (dated 1/5/12).

[16]St. Rec. Vol. 3 of 4, Trial Court Order, 1/10/12.

[17]St. Rec. Vol. 3 of 4, Application for Post-Conviction Relief, 4/19/12 (dated 4/17/12).

denial of his eligibility for good-time diminution of sentence.[18]  The Trial Court dismissed the pleading without prejudice noting that the proper venue for his request was in the 19th Judicial District Court.[19]  Williams did not seek review of that order.

Thereafter, on June 1, 2012, the Trial Court denied Williams' application for post-conviction relief finding that his challenge to his habitual offender proceeding failed to state a proper claim for post-conviction relief, citing La. Code Crim. P. art. 930.3.  The Court also held that Williams' failed to meet the burden of proof required to establish ineffective assistance of counsel, citing La. Code Crim. P. art. 930.2.[20]

Williams sought review of this order in the Louisiana First Circuit urging the same arguments and claims raised to the Trial Court.[21]  The Louisiana First Circuit denied the application without stated reasons on August 24, 2012.[22]

On September 10, 2012, Williams submitted a writ application to the Louisiana Supreme Court raising two assignments of error:[23] (1) the bar under La. Code Crim. P. art. 930.3 should not prevent his challenge to the constitutionality of his multiple offender proceeding where it did not comply with the requirements of *Boykin* and where his counsel did not advise him of the consequences of his plea or his rights to confrontation or compulsory process in those proceedings in order to disprove the multiple bill; and (2) he was denied an evidentiary hearing required to

---

[18]St. Rec. Vol. 3 of 4, Petition for Review, 5/10/12.

[19]St. Rec. Vol. 3 of 4, Trial Court Order, 5/24/12.

[20]St. Rec. Vol. 3 of 4, Trial Court Order, 6/1/12.

[21]St. Rec. Vol. 4 of 4, 1st Cir. Writ Application, 2012-KW-1083, 6/21/12.

[22]St. Rec. Vol. 3 of 4, 1st Cir. Order, 2012-KW-1083, 8/24/12.

[23]St. Rec. Vol. 4 of 4, La. S. Ct. Writ Application, 12-KH-2038, 9/13/12 (dated 9/10/12); St. Rec. Vol. 3 of 4, La. S. Ct. Letter, 2012-KH-2038, 9/13/12.

establish a basis for his ineffective assistance of counsel claim where these hearings are only made available to defendants who can retain their own counsel.

The Louisiana Supreme Court denied the application on January 25, 2013, citing La. Code Crim. P. art. 930.3 and *State ex rel. Melinie v. State*, 665 So.2d 1172 (La. 1996),[24] as well as *State v. Cotton*, 45 So.3d 1030 (La. 2010) and *State v. Thomas*, 19 So.3d 466 (La. 2009).[25]

## III.   Federal Petition

On May 16, 2013, the clerk of this Court filed Williams's federal petition for habeas corpus relief in which he raised the following grounds for relief:[26] (1)(a) counsel erroneously told petitioner that he would receive good-time credits if he accepted the six year multiple offender sentence, and (b) never informed him of the rights to confrontation and compulsory process he possessed during the multiple offender proceeding; (2)(a) counsel failed to hold a preliminary hearing after he told petitioner he would, failed to produce any evidence at trial, and failed to inform petitioner of the consequences of his plea to the multiple bill, and (b) appellate counsel only challenged the simple escape conviction and failed to raise the other issues they discussed; (3)(a) counsel withdrew the motion to quash the multiple bill allowing the State to proceed without meeting the burden of proof on the out-of-state convictions, (b) coerced petitioner to enter a plea by telling him he would get good-time credits on both charges, and (c) allowed the Trial Court to lock the courtroom during trial,

---

[24]La. Code Crim. P. art. 930.3 sets forth the grounds on which post-conviction relief can be granted.  In *State ex rel. Melinie*, 665 So.2d 1172 (La. 1996), the Louisiana Supreme Court, relying on La. Code Crim. P. art. 930.3, ruled that claims of excessive sentence or errors in sentencing which should be raised on direct appeal were not proper grounds for post-conviction relief.  The Louisiana Supreme Court extended that rule in *State v. Hebreard*, 708 So.2d 1291 (La. App. 4th Cir. 1998) to challenges to multiple bill proceedings.

[25]St. Rec. Vol. 4 of 4, La. S. Ct. Order, 2012-KH-2038, 1/25/13.  In *Cotton* and *Thomas* the Louisiana Supreme Court applied the Article 930.3 bar to include claims of ineffective assistance of counsel during sentencing and multiple offender proceedings.

[26]Rec. Doc. No. 1.

threaten him, and only allowed his witnesses to enter the courtroom after the deliberations; and (4)(a)

counsel was unaware of the Louisiana Revised Statutes during trial and on appeal, and (b) the public

defenders have too many cases and indigents are denied evidentiary hearings.

The State filed an answer and memorandum in opposition to Williams's petition conceding

timeliness and urging that he failed to exhaust state court remedies as to several of the claims raised.[27]

Alternatively, the State argues that the claims are in procedural default and otherwise are without

merit.

Williams replied to the State's opposition claiming that he had little or no legal assistance or

access to a library in preparing his post-conviction pleadings, which nevertheless contained multiple

references to case law and statutes.[28]  He contends that his failure to exhaust should be excused

because "the State has no idea" how difficult it is for prisoners.  He argues that his procedural default

should be excused because of the inadequate law libraries and lack of assistance available for inmates

to bring his ineffective assistance of counsel claims on post-conviction review.  He also re-urged the

substance of his claims.

## IV.   General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-

132, 110 Stat. 1214,[29] applies to this petition, which is deemed filed in this Court no later than May

---

[27]Rec. Doc. Nos. 10, 11.

[28]Rec. Doc. No. 12.

[29]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996.  *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

6, 2013.[30]  The threshold questions on habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State concedes and the record reflects that Williams's federal petition was timely filed. As urged by the State, however, the state courts imposed certain procedural bars and his claims have not been fully exhausted in the state courts.  The Court will address the exhaustion issue at this time.

## V.    **Exhaustion Doctrine**

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief."  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)); *Nobles*, 127 F.3d at 419.  "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims."  *Whitehead*, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); *Rose*, 455 U.S. at 519-20).

The well-established test for exhaustion requires that the substance of the federal habeas claim be fairly presented to the highest state court.  *Whitehead*, 157 F.3d at 387 (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)).  "State prisoners must give the state courts one full opportunity to

---

[30]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  The clerk of court filed Williams's federal habeas petition on May 16, 2013, when pauper status was granted.  Williams failed to date his signature on the federal pleadings.  However, he obtained the certification of his inmate account on May 6, 2013, which is the earliest date appearing in the record on which he could have presented the package of pleadings to the prison officials for mailing to the Court.

resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." *Whitehead*, 157 F.3d at 387 (citing *Picard*, 404 U.S. at 275-78). "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." *Whitehead*, 157 F.3d at 387 (citing *Nobles*, 127 F.3d at 420); *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001).

For exhaustion purposes, it also is not enough for a petitioner to have raised the claims in the lower state courts if the claims were not specifically presented to the state's highest court. *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). Furthermore, a prisoner does not fairly present a claim to the state's highest court if that court must read beyond the petition or brief, such as a lower court opinion, to find a claim not otherwise specifically raised. *Id.*, at 32. When ineffective assistance of counsel is raised in the state courts, the claim is not exhausted where the petitioner did not raise or mention the same basis in the state court proceedings that are asserted in a federal petition. *See Ogan v. Cockrell*, 297 F.3d 349, 358 (5th Cir. 2002) ("Because Ogan is now proceeding on a different theory than that advanced in the state habeas court, we find this ineffectiveness of habeas counsel claim to be unexhausted."; *Burns v. Estelle*, 695 F.2d 847, 849-50 (5th Cir. 1983) (factual bases underlying the ineffective assistance of counsel claim were "significantly different" from those raised in state court, and therefore, were not exhausted).

Williams has presented to this federal court only one claim that was presented to each level of the Louisiana courts through his post-conviction proceedings. The sole claim is designated (1)(b) above and urges that his counsel never informed him of his rights to confrontation and compulsory

process during the multiple bill proceedings.  That claim appears to be exhausted, although it was found to be in procedural default by the Louisiana Supreme Court.

Nevertheless, a review of the remaining claims brought to this Court reveals that he has not fully and properly exhausted state court remedies.  In claims (1)(a), (3)(b), and part of (2)(a) Williams argues that, in order to obtain the plea at the multiple bill hearing, his counsel misled him about the consequences of his plea with regard to his good-time eligibility.  In claim (4)(b), he argues that the St. Tammany Parish public defenders are overburdened and that indigent defendants are regularly denied post-conviction evidentiary hearings.  Williams made similar arguments in his only writ application filed with the Louisiana Supreme Court.  He did not, however, first raise these claims to the lower state courts to accomplish procedurally proper presentment.  *See O'Sullivan*, 526 U.S. at 845; *Baldwin*, 541 U.S. at 32.  These claims are not properly exhausted.[31]

Williams claim (2)(a), that counsel failed to hold a preliminary hearing and to produce any evidence at trial, was not raised to any of the state courts before being asserted here.  This claim is not exhausted.

Williams's four remaining claims, (2)(b) (appellate counsel only challenged the simple escape conviction), (3)(a) (counsel withdrew the motion to quash the multiple bill), (3)(c) (counsel allowed the Trial Court to lock the courtroom and threaten him until after deliberations), and (4)(a) (trial and appellate counsel were unaware of the Louisiana Revised Statutes), were raised by Williams in the Trial Court and the Louisiana First Circuit on post-conviction review.  He did not, however, present

---

[31]The Court recognizes that Williams raised a direct challenge to the denial of good-time by the prison and DOC personnel in the state trial court in an improperly filed "Petition for Review" of his DOC administrative grievance proceedings.  The St. Tammany Parish trial court dismissed the petition on the basis of improper venue.  For purposes of this Court's review, however, the claim of denial of good-time credits under Louisiana law is legally different from the Sixth Amendment ineffective assistance of counsel claim presented here.

the claims in his only writ application with the Louisiana Supreme Court.  These claims are not exhausted.  *Baldwin*, 541 U.S. at 32.

Under the plain language of the applicable law, Williams has <u>not</u> exhausted available state court remedies on all but one ground raised in this federal petition.  He instead has presented this Court with a "mixed petition," which includes both exhausted and unexhausted claims, and it is subject to dismissal for that reason.  *See Whitehead*, 157 F.3d at 387 (citing *Nobles*, 127 F.3d at 420).

Furthermore, the record discloses no good cause for Williams's failure to properly and fully exhaust his claims in the state courts, and the Court can find none from its review of the record.  *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).  Contrary to his suggestions in his reply memorandum,[32] inmates do not have a general right to assistance of counsel in state post-conviction proceedings.  *See Coleman v. Thompson*, 501 U.S. 722, 757 (1991); *Newton v. Quarterman*, 272 F. App'x 324 (5th Cir. 2008).  Thus, Williams's *pro se* status would not excuse his failure to exhaust. *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004) (*pro se* status does not constitute "good cause" for failure to exhaust state remedies); *Josselyn v. Dennehy*, 475 F.3d 1, 5 (1st Cir. 2007) (ignorance of the law does not constitute "good cause" for failure to exhaust).  The petition, therefore, should be dismissed.  *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005) (dismissal is appropriate where no good cause is shown for the failure to exhaust).

Williams also would not be entitled to a stay of these proceedings, should one be requested, where there has been no showing of good cause to provide that extraordinary relief.  The Supreme Court has held that stay-and-abeyance is an extraordinary remedy not to be made readily available to a habeas petitioner.  *Id.*, 544 U.S. at 278.  The *Rhines* Court cautioned that a stay-and-abeyance "should be available only in <u>limited</u> circumstances," (emphasis added), and is appropriate <u>only</u> when

---

[32]Rec. Doc. No. 12.

the court determines that there was "good cause" for the failure to exhaust. *Id.*, at 277; *see also Pliler v. Ford*, 542 U.S. 225, 233 (2004).  There is no such showing here.

Having found no good cause for his failure to exhaust, the petition should be dismissed without prejudice to allow Williams to fully exhaust available state court remedies as to all of his claims, unless he amends the petition to dismiss or exclude the unexhausted claims and proceed with only the exhausted claims. *Pliler*, 542 U.S. at 233 (citing *Rose*, 455 U.S. at 510).

## VI.    Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Williams's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[33]

New Orleans, Louisiana, this 28th day of February, 2014.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[33]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.