# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TELLY T. WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-2998** |
| **JACK STRAIN** | **SECTION "H"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

## I. Current Status of the Federal Proceedings

On February 28, 2014, the undersigned Magistrate Judge issued a Report and Recommendation recommending dismissal of the petition for issuance of a writ of habeas corpus filed by Telly T. Williams ("Williams") for failure to exhaust state court remedies as to all of the claims raised.[2] Williams filed objections to the Report and a motion requesting that the Court allow him to amend the petition to withdraw the unexhausted claims and proceed with the exhausted claim in lieu of dismissal.[3] The District Judge granted the motion to amend and referred the matter to the undersigned Magistrate Judge for disposition of Williams's one exhausted claim alleging that

---

[1] Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] Rec. Doc. No. 13.

[3] Rec. Doc. Nos. 16, 17.

counsel was ineffective where he failed to inform Williams of the rights to confrontation and compulsory process during the multiple offender proceeding.[4]

## II.     Factual and State Court Procedural Background

The facts and procedural history of this case were outlined in detail in the original Report and Recommendation and are repeated here for ease of reference.

Williams is a convicted inmate currently incarcerated in the St. Tammany Parish Jail in Covington, Louisiana.[5] On January 12, 2011, Williams was charged by Bill of Information in St. Tammany Parish with one count of possession of stolen things valued over $500 and one count of simple escape.[6] Williams initially entered a plea of not guilty to both charges on January 24, 2011.[7]

The record reflects that, while Williams was incarcerated in 2010, he participated in the "8 to 4 Program," a work release program for individuals sentenced to parish jail time.[8] On October 5, 2010, Corporal Alicia Craige of the St. Tammany Parish Sheriff's Office, informed Williams that he had failed a drug test and that he had to report to her office the following day at 7:00 a.m. The next morning, Williams failed to report as ordered. At about 11:00 a.m., two deputies found Williams near his home in Slidell riding a stolen off-road motorcycle on Javery Road.

When stopped, Williams admitted to the deputies he was supposed to be at the Program, which was confirmed for the deputies by telephone call to Corporal Craige. Williams also denied

---

[4]Rec. Doc. No. 19.

[5]Rec. Doc. No. 1.

[6]St. Rec. Vol. 1 of 4, Bill of Information, 1/12/11.

[7]St. Rec. Vol. 1 of 4, Minute Entry, 1/24/11.

[8]The facts were taken from the unpublished opinion of the Louisiana First Circuit Court of Appeal on direct appeal. *State v. Williams*, No. 2011 KA 1435, 2012 WL 997080, at *1 (La. App. 1st Cir. Mar. 23, 2012); St. Rec. Vol. 3 of 4, 1st Cir. Opinion, 2011 KA 1435, pp. 2-3, 3/23/12.

2

knowing that the motorcycle was stolen. He stated that a white male in a white truck dropped it off the night before so that he could work on the carburetor. The motorcycle, however, had been "hot-wired" to start it, because the key ignition had been compromised.

Williams was tried before a jury on April 18, 2011, and was found guilty as charged on both counts.[9] On May 24, 2011, the trial court denied Williams's motions for post-verdict judgment of acquittal and for a new trial.[10] After waiver of legal delays, the court sentenced Williams to serve one (1) year in prison at hard labor for the simple escape charge.[11] Williams then admitted the allegations in the multiple bill previously filed by the State on the possession of stolen goods count.[12] The trial court adjudicated him to be a third felony offender and sentenced him on that count to serve six (6) years at hard labor without benefit of parole, probation, or suspension of sentence.[13] The court directed that the sentences run consecutive to each other. The Court also denied Williams's motion to reconsider the sentence.[14]

On direct appeal, Williams's appointed counsel argued that the evidence was insufficient to support the simple escape conviction and that the trial court erred in denying the post-trial motions

---

[9] St. Rec. Vol. 1 of 4, Trial Minutes, 4/18/11; Jury Verdict (Count 1), 4/18/11; Jury Verdict (Count 2), 4/18/11; Trial Transcript, 4/18/11; St. Rec. Vol. 2 of 4, Trial Transcript (continued), 4/18/11. Williams rejected a plea agreement offered to him on March 2, 2011, which would have given him a four year prison sentence for possession of stolen goods count and a consecutive six month prison term for the simple escape. St. Rec. Vol. 1 of 4, Plea Transcript, 3/2/11.

[10] St. Rec. Vol. 1 of 4, Sentencing Minutes, 5/24/11; Motion for New Trial, 5/4/11; Trial Court Order, 5/24/11; Motion for Post-Verdict Judgment of Acquittal, 5/4/11; Trial Court Order (2), 5/24/11.

[11] St. Rec. Vol. 1 of 4, Sentencing Minutes, 5/24/11; St. Rec. Vol. 2 of 4, Sentencing Transcript, 5/24/11.

[12] St. Rec. Vol. 1 of 4, Sentencing Minutes, 5/24/11; Multiple Bill, 4/26/11; St. Rec. Vol. 2 of 4, Multiple Bill Hearing Transcript, 4/26/11; Sentencing Transcript, 5/24/11.

[13] St. Rec. Vol. 1 of 4, Sentencing Minutes, 5/24/11; Reasons for Judgment, 6/24/11; St. Rec. Vol. 2 of 4, Sentencing Transcript, 5/24/11.

[14] St. Rec. Vol. 1 of 4, Motion to Reconsider Sentence, 5/24/11; Trial Court Order (3), 5/24/11.

for post-verdict judgment of acquittal and for a new trial on that count.[15] Williams filed a *pro se* supplemental brief in which he argued that his sentence was illegal, because he had only one prior felony conviction and that he was not properly questioned by the court in accordance to *Boykin* prior to his plea at the multiple bill hearing.[16] The Louisiana First Circuit affirmed Williams's convictions and sentences on March 23, 2012, finding no merit in the claims raised.[17]

Williams's convictions and sentences became final thirty (30) days later, on Monday, April 23, 2012,[18] because he did not file for rehearing or seek review in the Louisiana Supreme Court. *Butler v. Cain*, 533 F.3d 314 (5th Cir. 2008)(citing *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003)) (stating that appeal is final when the state defendant does not timely proceed to the next available step in an appeal process).

On January 5, 2012, while the direct appeal was pending, Williams submitted to the trial court a motion seeking to correct his sentence claiming that he had only one prior conviction and that he was not informed of the consequences of his plea to the multiple bill.[19] The trial court denied the motion without reasons on January 10, 2012.[20]

On April 17, 2012, less than one month after the Louisiana First Circuit addressed his appeal, Williams submitted an application for post-conviction relief to the trial court asserting the following

---

[15]St. Rec. Vol. 3 of 4, Appeal Brief, 2011 KA 1435, 9/14/11.

[16]*Williams*, 2012 WL 997080, at *4; St. Rec. Vol. 3 of 4, 1st Cir. Opinion, 2011 KA 1435, p. 7, 3/23/12.

[17]*Williams*, 2012 WL 997080, at *1; St. Rec. Vol. 3 of 4, 1st Cir. Opinion, 2011 KA 1435, 3/23/12.

[18]Day thirty (30) was Sunday, April 22, 2012. The deadline then fell to Monday, April 23, 2012. *See* La. Code Crim. P. art. 13 (weekends and holidays not included in calculation when it would be the last day of the period).

[19]St. Rec. Vol. 3 of 4, Motion to Correct Illegal Sentence, 1/9/12 (dated 1/5/12).

[20]St. Rec. Vol. 3 of 4, Trial Court Order, 1/10/12.

grounds for relief:[21] (1) the record does not demonstrate that he gave a valid waiver of his constitutional rights at the multiple bill hearing; (2) his counsel was ineffective when he failed to advise him that he had a right to confrontation and compulsory process at the multiple bill hearing; (3) his counsel was ineffective when he knew that the Mississippi predicate conviction was invalid and unconstitutional and failed to challenge it; and (4) his appellate counsel was ineffective for failing to raise the foregoing issues on direct appeal.

While that application was pending, on May 10, 2012, Williams also submitted to the trial court a "Petition for Review" in which he asked the court to review the denial of his administrative grievance complaints to the prison and the Louisiana Department of Corrections challenging the denial of his eligibility for good-time diminution of sentence.[22] The trial court dismissed the pleading without prejudice noting that the proper venue for his request was in the 19th Judicial District Court.[23] Williams did not seek review of that order.

Thereafter, on June 1, 2012, the trial court denied Williams' application for post-conviction relief finding that his challenge to his habitual offender proceeding failed to state a proper claim for post-conviction relief, citing La. Code Crim. P. art. 930.3. The court also found that Williams failed to meet the burden of proof required to establish ineffective assistance of counsel, citing La. Code Crim. P. art. 930.2.[24]

---

[21]St. Rec. Vol. 3 of 4, Application for Post-Conviction Relief, 4/19/12 (dated 4/17/12).

[22]St. Rec. Vol. 3 of 4, Petition for Review, 5/10/12.

[23]St. Rec. Vol. 3 of 4, Trial Court Order, 5/24/12.

[24]St. Rec. Vol. 3 of 4, Trial Court Order, 6/1/12.

Williams sought review of this order in the Louisiana First Circuit urging the same arguments and claims raised to the trial court.[25] The court denied the application without stated reasons on August 24, 2012.[26]

On September 10, 2012, Williams submitted a writ application to the Louisiana Supreme Court raising two assignments of error:[27] (1) the bar under La. Code Crim. P. art. 930.3 should not prevent his challenge to the constitutionality of his multiple offender proceeding where it did not comply with the requirements of *Boykin v. Alabama*, 395 U.S. 238 (1969), and where his counsel did not advise him of the consequences of his plea or his rights to confrontation or compulsory process in those proceedings in order to disprove the multiple bill; and (2) he was denied an evidentiary hearing required to establish a basis for his ineffective assistance of counsel claim where these hearings are only made available to defendants who can retain their own counsel.

The Louisiana Supreme Court denied the application on January 25, 2013, citing La. Code Crim. P. art. 930.3 and *State ex rel. Melinie v. State*, 665 So.2d 1172 (La. 1996),[28] as well as *State v. Cotton*, 45 So.3d 1030 (La. 2010) and *State v. Thomas*, 19 So.3d 466 (La. 2009), indicating that the claims were not proper for post-conviction review.[29]

---

[25]St. Rec. Vol. 4 of 4, 1st Cir. Writ Application, 2012-KW-1083, 6/21/12.

[26]St. Rec. Vol. 3 of 4, 1st Cir. Order, 2012-KW-1083, 8/24/12.

[27]St. Rec. Vol. 4 of 4, La. S. Ct. Writ Application, 12-KH-2038, 9/13/12 (dated 9/10/12); St. Rec. Vol. 3 of 4, La. S. Ct. Letter, 2012-KH-2038, 9/13/12.

[28]La. Code Crim. P. art. 930.3 sets forth the grounds on which post-conviction relief can be granted. In *State ex rel. Melinie*, 665 So.2d 1172 (La. 1996), the Louisiana Supreme Court, relying on La. Code Crim. P. art. 930.3, ruled that claims of excessive sentence or errors in sentencing which should be raised on direct appeal were not proper grounds for post-conviction relief. The Louisiana Fourth Circuit extended that rule in *State v. Hebreard*, 708 So.2d 1291 (La. 4th Cir. 1998) for challenges to multiple bill proceedings.

[29]St. Rec. Vol. 4 of 4, La. S. Ct. Order, 2012-KH-2038, 1/25/13. In *Cotton* and *Thomas* the Louisiana Supreme Court also applied the Article 930.3 bar to include claims of ineffective assistance of counsel during sentencing and multiple offender proceedings.

### III. Federal Petition

In accordance with the prior orders of the Court, there is one claim that remains pending from Williams's federal petition for habeas corpus relief.[30] Williams alleges that he received ineffective assistance when counsel failed to inform him of the rights to confrontation and compulsory process during the multiple offender proceeding.

In its answer and memorandum in opposition to Williams's petition, the State argued in addition to its exhaustion defense, this claim is in procedural default and otherwise is without merit.[31] In his reply, Williams argued that his procedural default should be excused because of the lack of resources and assistance available for inmates to bring an ineffective assistance of counsel claim on post-conviction review.[32] He also urges that his claim be addressed on its merits.

### IV. General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[33] applies to this petition, which is deemed filed in this Court no later than May 6, 2013.[34] The threshold questions on habeas review under the amended statute are whether the

---

[30]Rec. Doc. Nos. 13, 19.

[31]Rec. Doc. No. 11.

[32]Rec. Doc. No. 12.

[33]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[34]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Williams's federal habeas petition on May 16, 2013, when pauper status was granted. Williams failed to date his signature on the federal pleadings. However, he obtained the certification of his inmate account on May 6, 2013, which is the earliest date

petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The timeliness of this filing and the State's exhaustion defense were resolved by the Court in the prior Report and Recommendation. For ease of reference, the State concedes and the record shows that Williams's federal petition is timely filed. His unexhausted claims have been withdrawn. Remaining here is the State's argument the state courts imposed certain procedural bars to Williams's remaining claim which also bars federal habeas review.

## V.      **Procedural Default**

The State has raised the procedural bar imposed by the state courts to review Williams's remaining ineffective assistance of counsel claim. Williams alleges that his counsel failed to advise him about his rights to confrontation and compulsory process before he entered the guilty plea to the multiple bill. He raised this claim on post-conviction review and the Louisiana Supreme Court, providing the last reasoned decision, denied relief finding the claim to be procedurally barred from review under La. Code Crim. P. art. 930.3, *State ex rel. Melinie*, 665 So.2d at 1172, *Cotton*, 45 So.3d at 1030, and *Thomas*, 19 So.3d at 466.

Generally, a federal court will not review a question of federal law decided by a state court if the decision of that state court rests on a state law ground that is both independent of the merits of the federal claim and adequate to support that judgment. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997), *cert. denied*, 523 U.S. 1125

---

appearing in the record on which he could have presented the package of pleadings to the prison officials for mailing to a federal court.

(1998); *Amos v. Scott*, 61 F.3d 333, 338 & n.15 (5th Cir. 1995) (citing *Harris v. Reed*, 489 U.S. 255, 260, 262 (1989)). The "independent and adequate state law" doctrine applies to both substantive and procedural grounds and affects federal review of claims that are raised on either direct or post-conviction review. *Coleman*, 501 U.S. at 731-32; *Amos*, 61 F.3d at 338. This type of procedural default will bar federal court review of a federal claim raised in a habeas petition when the last state court to render a judgment in the case has clearly and expressly indicated that its judgment is independent of federal law and rests on a state procedural bar. *Harris*, 489 U.S. at 263; *Glover*, 128 F.3d at 902. The Court must consider whether the bar to review relied upon by the Louisiana courts prohibits consideration of the claims on federal habeas corpus review.

### A. **Independent State Grounds**

A dismissal is independent of federal law when the last state court "clearly and expressly" indicated that its judgment rests on a state procedural bar. *Amos*, 61 F.3d at 338. The well settled doctrine in Louisiana under La. Code Crim. P. art. 930.3 and related case law, prohibits challenges to sentencing errors, including ineffective assistance of counsel, on post-conviction review. *See e.g.*, *State ex rel. Melinie*, 665 So.2d at 1172; *State ex rel. Brown v. State*, 870 So.2d 976 (La. 2004); *Richardson v. Cain*, No. 07-2999, 2010 WL 1838642, at *11 (E.D. La. Apr. 1, 2010); *Wallace v. Cain*, No. 06-11271, 2009 WL 3367052, at *14 (E.D. La. Oct. 15, 2009) (Order adopting Report). The Louisiana Supreme Court extended that doctrine to prohibit post-conviction review of habitual offender proceedings, including claims of ineffective assistance of counsel during that proceeding, excessive sentence and other sentencing errors. *Cotton* , 45 So.3d at 1030 (citing La. Code Crim. P. art. 930.3); *see also*, *Thomas*, 19 So.3d at 466. In doing so, the Louisiana Supreme Court specifically distinguished and noted that this post-conviction prohibition did not prevent a defendant from raising the sentencing and multiple bill proceedings errors on direct appeal of the sentencing

9

judgment itself, citing La. Code Crim. P. art. 912(C)(1), which directs for such sentencing matters to be raised on direct appeal. *Cotton*, 45 So.3d at 1030-31.

The state court's ruling was based on Louisiana law setting forth the requirements for preservation and presentation of claims on appellate and post-conviction review. This ruling was therefore independent of federal law and relied strictly on state procedural requirements. *See e.g.*, *Bennett v. Whitley*, 41 F.3d 1581, 1583 (5th Cir. 1994); *Washington v. Cain*, No. 98-0584, 2000 WL 863980, at *4 (E.D. La. Jun. 27, 2000); *see also*, *Harris*, 489 U.S. at 263; *Glover*, 128 F.3d at 902.

B.      **Adequate State Grounds**

The question of the adequacy of a state procedural bar is itself a federal question. *Beard v. Kindler*, 558 U.S. 53, 60 (2009) (citing *Lee v. Kemna*, 534 U.S. 362, 375 (2002)). To be adequate, the state procedural rule must be strictly or regularly followed and evenhandedly applied to the majority of similar cases. *Walker v. Martin*, __U.S.__, 131 S. Ct. 1120, 1127-28 (2011); *Glover*, 128 F.3d at 902. A state procedural rule, however, "can be 'firmly established' and 'regularly followed,' - even if the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others." *Beard*, 558 U.S. at 60 (citations omitted).

In evaluating the adequacy of the rules applied to bar a petitioner's claim, a federal habeas court does not sit to correct errors made by state courts in interpreting and applying state law. *Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir. 1998) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) and *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)) (citing *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996)); *accord Turner v. Johnson*, 46 F. Supp. 2d 655, 674 (S.D. Tex. 1999). Rather, a federal court's analysis focuses on due process considerations, and due process requires only that the Court grant the writ when the errors of the state court make the underlying proceeding fundamentally unfair. *See Neyland v. Blackburn*, 785 F.2d 1283, 1293 (5th Cir. 1986) (citing

*McAffee v. Procunier*, 761 F.2d 1124, 1126 (5th Cir. 1985) and *Lane v. Jones*, 626 F.2d 1296 (5th Cir. 1980)). In keeping with this, a state procedural rule that is applied arbitrarily or in an unexpected manner may be considered inadequate to prevent federal review. *Martin v. Maxey*, 98 F.3d 844, 847 (5th Cir. 1996); *Prihoda v. McCaughtry*, 910 F.2d 1379, 1383 (7th Cir. 1990).

> A federal court may not second-guess a state court's rule of procedure, but must evaluate whether the rule was actually applicable on the particular facts of the case. Otherwise, state courts could disregard federal rights with impunity simply by using the word "waived."

*United States ex rel. Bradley v. Clark*, No. 99-C-1785, 2002 WL 31133094, at *4 n.2 (N.D. Ill. July 18, 2002).

For this reason, when state courts apply a procedural bar that has no foundation in the record or basis in state law, federal courts need not honor that bar. *See e.g.*, *Davis v. Johnson*, No. 00CV684-Y, 2001 WL 611164, at *4 & n.10 (N.D. Tex. May 30, 2001); *Johnson v. Lensing*, No. 99-0005, 1999 WL 562728, at *4 (E.D. La. Jul. 28, 1999) (stating Art. 930.8 bar was not adequate because it was not properly applied under the circumstances of the case); *Poree v. Cain*, No. 97-1546, 1999 WL 518843, at *4 (E.D. La. Jul. 20, 1999) (Mentz, J.) (Art. 930.8 was not adequate to bar review because it was misapplied). However, it is <u>not</u> within the federal court's province to disagree with the application of the bar; it is only to determine its adequacy. *Lee v. Cain*, No. 03-2626, 2004 WL 2984274, at *1 n.2 (E.D. La. Dec. 6, 2004) (Vance, J.) (addressing Art. 930.3 as applied to ineffective assistance of counsel claim). Thus, where such foundation and basis does exist, as it does in this case, the bar must stand.

As discussed above, the state courts relied on well-settled Louisiana doctrine arising from La. Code Crim. P. art. 930.3 to bar review of Williams's claims challenging the assistance of counsel at his multiple offender proceedings. The federal courts have repeatedly held that La. Code Crim.

P. art. 930.3 and related state case law, such as *State ex rel. Melinie*, 665 So.2d at 1172, and *Cotton*, 45 So.3d at 1030, are both independent and adequate state law grounds for dismissal which bar review of similar claims in a federal habeas corpus proceeding. *Hull v. Stalder*, 234 F.3d 706, 2000 WL 1598016, at *1 (5th Cir. Sep. 28, 2000) (Table, Text in Westlaw) (Art. 930.3, *State ex rel. Melinie*); *Zantiz v. Louisiana*, No. 12-2908, 2014 WL 775577, at *7 (E.D. La. Feb. 25, 2014) (Engelhardt, J.) (order adopting report); *Johnson v. Cain*, No. 12-0621, 2012 WL 5363327, at *4 (E.D. La. Oct. 30, 2012) (Lemelle, J.) (Article 930.3, *State ex rel. Melinie* and *Cotton*); *Evans v. Cain*, No. 112584, 2012 WL 2565008, at *6-*7 (E.D. La. Mar. 14, 2012), *adopted by* 2012 WL 2565001, at *1 (E.D. La. Jul. 2, 2012) (Berrigan, J.); *Taylor v. Cain*, No. 07-3929, 2008 WL 4186883, at *16 (E.D. La. Sep. 10, 2008) (Vance, J.) (order adopting report); *Williams v. Cain*, No. 05-0710, 2008 WL 3363562, at *8 (E.D. La. Aug. 8, 2008) (Barbier, J.) (order adopting report).

For the foregoing reasons, the bar imposed on Williams's post-conviction claim arising from his multiple offender proceedings, including ineffective assistance of counsel during those proceedings, is supported by the record and is adequate to foreclose review by this federal court. Because the Louisiana courts' decisions rested on independent and adequate state rules of procedural default, this Court will not review these claims unless Williams establishes one of the following exceptions.

### C.     Cause and Prejudice

A federal habeas petitioner may be excepted from the procedural default rule only if he can show "cause" for his default and "prejudice attributed thereto," or demonstrate that the federal court's failure to review the defaulted claim will result in a "fundamental miscarriage of justice." *Glover*, 128 F.3d at 902 (citing *Coleman*, 501 U.S. at 731-32); *Amos*, 61 F.3d at 338-39 (citing *Harris*, 489 U.S. at 262; *see Engle v. Isaac*, 456 U.S. 107, 128-29 & n.33 (1982))

To establish cause for a procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded his efforts to comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). The mere fact that petitioner or his counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default. *Id*. at 486; *see also Martinez v. Ryan*, __ U.S. __, 132 S. Ct. 1309, 1316 (2012) (citing *Coleman*, 501 U.S. at 753, 755) (discussing when counsel's error may be cause to overcome a procedural default).

In this case, Williams contends that his *pro se* status and limitations as a prisoner inhibited his ability to properly raise his ineffective assistance of counsel claim. However, neither *pro se* status nor ignorance of the law is sufficient cause to excuse a procedural default. *See Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992); *see also*, *McCowin v. Scott*, 67 F.3d 100, 102 (5th Cir. 1995).

Furthermore, the fact that he was not assisted by counsel on post-conviction review when he raised the ineffective assistance of counsel claim does not create a cause to overcome his default. The Supreme Court held in *Martinez* that "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at <u>trial</u> if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." (emphasis added) *Martinez*, 132 S. Ct. at 1320. The Supreme Court made clear that its holding in *Martinez* <u>only</u> applied when "the State <u>barred</u> the defendant from raising the claims on direct appeal," so that collateral post-conviction proceedings were the petitioner's <u>first</u> opportunity to present the ineffective assistance of trial counsel claim. (emphasis added) *Martinez*, 132 S. Ct. at 1309.

Louisiana law, however, did not bar Williams from raising on direct appeal his claims of ineffective assistance of counsel during the habitual offender proceeding. In fact, the opposite is

true; Louisiana law required that he assert his claims on direct appeal or be faced with a bar to its review if raised in a post-conviction application. *State v. Nelson*, No. 2010-KA-1445, 2011 WL 9165413, at *1 (La. App. 4th Cir. Apr. 27, 2011) (citing *State ex rel. Melinie*, 665 So.2d at 1172) (stating that a claim of ineffective assistance of counsel at sentencing is considered on direct appeal because it is not available on post-conviction review). As already discussed, La. Code Crim. P. art. 930.3 and related Louisiana case law prohibits post-conviction review of challenges to sentencing errors, including those raising claims of ineffective assistance of counsel during sentencing, and that prohibition has been extended to multiple offender proceedings. *Thomas*, 19 So.3d at 466; *see State v. Dauzart*, 89 So.3d 1214, 1222 (La. App. 4th Cir. 2012) (finding alleged ineffective assistance of counsel "must be addressed on appeal because sentencing errors are not reviewable post-conviction"); *Cotton*, 45 So.3d at 1030 (finding same as to ineffective assistance of counsel during multiple offender proceedings); *Wallace*, 2009 WL 3367052, at *14 (same).

In *Cotton*, the Louisiana Supreme Court explained that, under Louisiana law, "an habitual offender adjudication . . . constitutes sentencing for purposes of *Melinie* and La. C. Cr. P. art. 930.3, which provides no vehicle for post-conviction consideration of claims arising out of habitual offender proceedings, as opposed to direct appeal of the conviction and sentence." *Cotton*, 45 So.3d at 1030. The Court reiterated that Louisiana law prohibits post-conviction review of habitual offender proceedings, including claims of ineffective assistance of counsel related to that proceeding. *Id.*, at 1030-31. The Court specifically indicated that such claims are appropriately considered on direct appeal, citing La. Code Crim. P. art. 912(C)(1), which provides for direct appeal of the judgment that imposes sentence. *Id*.

Thus, under Louisiana law, direct appeal was Williams's initial opportunity to raise his claims of ineffective assistance of counsel at the multiple bill proceeding. *See Cotton v. Cooper*,

No. 11-0231, 2011 WL 5025311, at *11 (E.D. La. Sept. 14, 2011) ("Sentencing issues, including claims of ineffective assistance of counsel during sentencing, may be challenged in [Louisiana] state court via direct appeal."), *report adopted*, 2011 WL 5025295, at *1 (E.D. La. Oct. 21, 2011) (Africk, J.); *Nelson*, 2011 WL 9165413, at *1 (stating a claim of ineffective assistance of counsel at sentencing is to be considered on direct appeal because it is not available on post-conviction review); *State v. Smith*, 734 So.2d 826, 834-35 (La. App. 4th Cir. 1997) (addressing on direct appeal defendant's claim of sentencing-related ineffective assistance of counsel); *State v. Burns*, 723 So.2d 1013, 1016-17 (La. App. 4th Cir. 1998) (same). There was no state law prohibiting Williams from raising his sentencing-related ineffective assistance of counsel claim on direct appeal where he was represented by appointed counsel; and, had he done so, consideration of the claim on federal habeas review would not have been barred. *See*, *e.g.*, *State v. Dudley*, No. 2012-0640, 2012 WL 5383089, at *3-*4 (La. App. 1st Cir. Nov. 2, 2012) (addressing on direct appeal merits of claim of ineffective assistance of counsel for counsel's failure to challenge validity of prior conviction at habitual offender adjudication); *State v. Staden*, No. 2011-1455, 2012 WL 1564592, at *11 (La. App. 1st Cir. May 3, 2012) (same); *State v. Jones*, 35 So.3d 1162, 1166-68 (La. App. 5th Cir. 2010) (same); *State v. Jackson*, 4 So.3d 131, 133-34 (La. App. 4th Cir. 2009) (same).

For these reasons, the *Martinez* ruling does not provide an exception to the procedural bar imposed upon Williams's post-conviction claim of ineffective assistance of counsel during the multiple bill proceeding. Louisiana law did not bar and indeed required him to raise the claim on direct appeal, which he did not do. His ability to raise the claim on direct appeal precludes the equitable relief provided in *Martinez*. He also was represented by counsel on direct appeal, and he has not challenged appellate counsel's failure to raise the claim in any state or federal court. *See Edwards v. Carpenter*, 529 U.S. 446, 452-54 (2000) (requiring exhaustion of a claim of ineffective

assistance of counsel as cause for procedural default). His lack of counsel on post-conviction review does not stand as cause to excuse the procedural default.

The Court's review of the record does not support a finding that any factor external to the defense prevented Williams from raising the claim in a procedurally proper manner. The record also does not reflect any action or inaction on the part of the State which prevented him from doing so. "The failure to show 'cause' is fatal to the invocation of the 'cause and prejudice' exception, without regard to whether 'prejudice' is shown." *Hogue v. Johnson*, 131 F.3d 466, 497 (5th Cir. 1997) (citing *Engle*, 456 U.S. at 134 n.43).

Williams's defaulted claim is therefore procedurally barred from review by this federal habeas corpus court. *See Trest v. Whitley*, 94 F.3d 1005, 1008 (5th Cir. 1996) (finding habeas review precluded when petitioner neglected to allege actual prejudice and cause of failure to comply with state procedural rule concerning time restriction on filing for state post-conviction relief), *vacated on other grounds*, 522 U.S. 87 (1998).[35] Having failed to show an objective cause for his default, the Court need not determine whether prejudice existed, and petitioner has not alleged any actual prejudice. *Ratcliff v. Estelle*, 597 F.2d 474, 477-78 (5th Cir. 1979) (citing *Lumpkin v. Ricketts*, 551 F.2d 680, 681-82 (5th Cir. 1977)).

### D. Fundamental Miscarriage of Justice

Williams may avoid this procedural bar only if a fundamental miscarriage of justice will occur if the merits of his claim are not reviewed. *Hogue*, 131 F.3d at 497 (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). To establish a fundamental miscarriage of justice, petitioner must provide this Court with evidence that would support a "colorable showing of factual innocence."

---

[35]The Supreme Court vacated the Fifth Circuit's opinion on grounds that a court of appeals is not <u>required</u> to raise the procedural default argument *sua sponte* but may do so in its discretion. *Id*.

*Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986); *accord Murray*, 477 U.S. at 496; *Glover*, 128 F.3d at 902. To satisfy the factual innocence standard, petitioner must establish a fair probability that, considering all of the evidence now available, the trier of fact would have entertained a reasonable doubt as to the defendant's guilt. *Campos v. Johnson*, 958 F. Supp. 1180, 1195 (W.D. Tex. 1997) (footnote omitted); *Nobles*, 127 F.3d at 423 & n.33 (finding actual innocence factor requires a showing by clear and convincing evidence that "but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense"). When the petitioner has not adequately asserted his actual innocence, the procedural default cannot be excused under the "fundamental miscarriage of justice" exception. *Glover*, 128 F.3d at 903.

Williams does not present any claim and the record contains nothing to suggest or establish his actual innocence on the underlying conviction or in regard to the multiple bill. His claim instead addresses alleged procedural and evidentiary failings in the multiple bill proceedings and not his actual innocence. He presents no evidence or argument of the kind of actual innocence that would excuse the procedural default. He, therefore, has failed to overcome the procedural bar to this claim.

Williams's claims challenging the effective assistance of his counsel at the multiple offender proceeding is procedurally barred and should be dismissed with prejudice.

## VI. Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Williams's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after

being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[36]

New Orleans, Louisiana, this 16th day of September, 2014.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[36]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.